**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ismael ANAYA, Defendant—Appellant.**

**No. 10–30286.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.\*

Filed Oct. 13, 2011.

Pamala R. Holsinger, Kelly A. Zusman, Office of the U.S. Attorney, Portland, OR, Byron Chatfield, Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Alison Clark, Assistant Federal Public Defender, Office of the Federal Public De-

*See* Fed. R.App. P. 34(a)(2).

fender, Portland, OR, for Defendant–Appellant.

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Ismael Anaya appeals from the 260–month sentence imposed following his guilty-plea conviction for conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Anaya contends that the district court procedurally erred by failing to consider his mitigation arguments, and by failing to explain why it selected his sentence. The record shows that the court heard and considered all of Anaya's arguments and properly explained its rationale for selecting the sentence. *See United States v. Amezcua–Vasquez*, 567 F.3d 1050, 1053–54 (9th Cir.2009).

Anaya also contends that the sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, particularly the need for the sentence imposed to reflect the seriousness of the offense, the within-Guidelines sentence is not substantively unreasonable. *See Gall*

*v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.